OPINION
Defendant-appellant, Randolph Eric Young (appellant), appeals from the judgment of conviction and sentence entered in the Stark County Court of Common Pleas after a jury found appellant guilty of one count of Possession of Cocaine, a violation of R.C. 2925.11(A). Appellant assigns as error:
ASSIGNMENTS OF ERROR:
 I. THE JUDGMENT OF CONVICTION BY THE TRIAL COURT AND VERDICT OF THE JURY AS TO THE CHARGE CONTAINED IN THE INDICTMENT WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 II. THE COURT ERRED IN FAILING TO GRANT DEFENDANT'S MOTION TO SUPPRESS.
On October 11, 1999, at approximately 9:30 A.M., a City of Canton police officer, Brian Allen, was patrolling in his marked police cruiser in the area of Shorb Avenue, N.W., in Canton, Ohio. Officer Allen observed appellant and another person, who appeared to be a juvenile, standing on the corner of Shorb Avenue and Sixth Street. Concerned that the juvenile "should have been in school", Officer Allen decided to investigate the situation. Officer Allen contacted a nearby Canton bicycle patrol officer to assist him in the investigation. Officer Allen and the bicycle patrolman approached the street corner where appellant and the juvenile were standing. As the officers approached, the juvenile fled on a bicycle and was pursued by the officer with a bicycle. Officer Allen then approached appellant and directed appellant to place his hands on the police cruiser, as Officer Allen stood behind appellant. According to Officer Allen, appellant "had his head turned and was facing me, and I asked him if he had anything on him which I needed to know about, at which time he told me `no' verbally." Officer Allen admitted that upon hearing appellant's response, it was "apparent that he did have some type of impairment." Officer Allen then asked appellant, "Do you mind if I check?" Appellant responded, "No." Believing that appellant had consented to a search, Officer Allen conducted a search of appellant and discovered six (6) rocks of crack cocaine in appellant's left coat pocket. Appellant was, thereafter, handcuffed and transported to the police station. At the police station, Officer Allen advised appellant of his constitutional rights before any questioning. Appellant indicated that he understood his rights and was willing to speak with Officer Allen. Appellant first claimed that he attended a party the night before and someone must have placed the crack cocaine in his pocket. Appellant later changed his story and told Officer Allen that the juvenile, who was standing with him on the street corner, must have slipped the crack cocaine into his pocket. On December 16, 1999, appellant filed a motion to suppress all evidence obtained from appellant on the basis appellant did not voluntarily and knowingly consent to the search. Appellant argued he was hearing impaired and was, therefore, unable to understand Officer Allen's request to search. An evidentiary hearing was conducted on the motion, and the trial court subsequently overruled the motion to suppress. The court reasoned Officer Allen was credible in his testimony that he believed appellant understood the officer's questions, and appellant knowingly and voluntarily consented to the search. The matter proceeded to trial, wherein a jury found appellant guilty of one count of Possession of Cocaine. Appellant filed a timely Notice of Appeal. We now turn to appellant's Assignments of Error in the order raised by appellant.
 I.
Through his first Assignment, appellant maintains the jury's verdict was against the manifest weight of the evidence. When considering a claim that a jury's verdict is against the manifest weight of the evidence, " `[T]he court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against conviction.' " State vs. Thompkins (1997), 78 Ohio St.3d 380, 387, quoting State vs. Martin (1983), 20 Ohio App.3d 172, 175. It is well-settled that issues regarding the credibility of witnesses are within the province of the factfinder. State vs. DeHass (1967),10 Ohio St.2d 230. Having conducted a thorough review of the record and evidence presented at the trial of this matter, we cannot conclude the jury either lost its way or created a manifest miscarriage of justice in convicting appellant of possessing cocaine. Instead, we find there was substantial evidence that would support the jury's finding in this case. The jury had within its province to believe Officer Allen's testimony over appellant's claims that the drugs did not belong to him or were otherwise planted on him. Accordingly, appellant's first Assignment of Error is hereby overruled.
 II.
Through his second and final Assignment, appellant maintains the trial court erred in overruling his motion to suppress all evidence obtained from him as a result of an illegal search and seizure. The gravamen of appellant's claim under this Assignment is that appellant did not voluntarily and knowingly consent to Officer Allen's search. In support of this contention, appellant claims he was deaf and, therefore, could not understand Officer Allen's inquiry as to whether the officer could search him. Additionally, appellant argues the officer's request to search appellant was ambiguous and appellant's response of "no" could be interpreted to mean appellant did not consent to the search. Upon review of the transcript of proceedings conducted on the suppression hearing, we find only Officer Allen testified. Appellant did not take the stand for the limited purpose of explaining his hearing impairment and/or that he did not understand Officer Allen's questions. Appellant also did not testify that his response of "no" meant he was not consenting to the search. Rather, Officer Allen testified he believed from the facts and circumstances surrounding the encounter that appellant did understand his inquiries and did, in fact, consent to the search. We are not in the position to second-guess the trial court with respect to matters of credibility. Accordingly, we cannot conclude the trial court erred in overruling appellant's motion to suppress. Appellant's second Assignment of Error is hereby overruled. For the foregoing reasons, the judgment of conviction and sentenced entered in the Stark County Court of Common Pleas is hereby affirmed.
Reader, V.J. and Farmer, J. concur. Hoffman, P.J. concurs in part; dissents in part.